## HARRAL vs. VANORSTEN.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Surgeons of regiments in the state militia, have the same rank as those in the U. S. Army, whose duty it is to attend those who may be wounded in the service, or on parade as a militiaman.

So a regimental surgeon cannot make a private charge and be entitled to compensation for dressing the wounds and curing a soldier wounded *on parade*, even when not in active or actual service.

This is an action on a physician's account for services rendered in dressing the wounds and curing the defendant, who was severely hurt while on parade the 22d February 1839, by the accidental explosion of a cannon.

The plaintiff alleges that the defendant is indebted to him for his attendance as a physician and surgeon in the sum claimed, and for which he prays judgment.

The defendant denied that the plaintiff's services were worth what he charged, even if he (defendant) was responsible; which he denied. That the plaintiff, being surgeon to the 4th regiment, was present in his official character, when this defendant was severely wounded by the explosion or premature discharge of a cannon, and attended, dressed his wounds and rendered the necessary medical aid until he was cured, which his duty required of him to give to every officer and soldier who might be wounded or injured in actual service, on parade or otherwise, without being entitled to receive from such persons any compensation whatever.

Upon these pleadings and issues the case was tried.

The evidence accorded with the allegations. There was judgment for the defendant and the plaintiff appealed.

*Greiner*, for the plaintiff.

*Benjamin*, contra.

*Garland, J.* delivered the opinion of the court.

This is an action to recover the sum of $397 75 balance of

account for services rendered as a physician and surgeon. The defendant resists the payment on the ground that it was the duty of the plaintiff to attend on him without compensation.

It appears the plaintiff is the surgeon of the 4th Regiment of Louisiana Militia. The defendant is a private in an artillery company attached to that regiment. On the 22d of February, 1839, both plaintiff and defendant being on parade, the latter in obedience to the command of his proper officer was loading a cannon, which was fired prematurely, or exploded, and severely wounded him. The plaintiff was immediately called to attend him, and not only did so that day, on the ground, but faithfully attended him afterwards, until the 4th of May following; and, by his skill and attention, probably saved defendant's arm from being amputated. The evidence not only establishes the services, but their value. On the part of the defence it is shown by two physicians, who have been surgeons of regiments, that they consider the appointment of Regimental Surgeon as honorary, and each of them say they have attended a person for a considerable time in nearly or exactly the same situation, and did not suppose they were entitled to charge for their services; and one of them had refused compensation when offered.

The counsel for the defence relies on the custom, which he contends he has proved, and upon the law, which makes it the duty of the plaintiff to have attended on his client.

The first ground of defence we think cannot avail him, as he has not proved enough to establish the existence and generality of the custom; 7 La. Rep. 215, 221, 529; nor has he shown it has been generally acquiesced in; 14 Idem 490.

The second ground is more tenable. By the 6th section of the act, 1834, relative to the militia, p. 143-4, a surgeon is a constituent part of every regiment. The 15th section says, surgeons in the militia shall have the same rank as surgeons in the army of the United States. The 17th section assimilates the duties to those of officers of similar rank in the army of the United States; and it is well known that the peculiar duties of

Surgeons of regiments in the state militia, have the same rank as those in the U. S. Army, whose duty it is to attend those who may be wounded, in the service, or on parade as a militiaman.

surgeons in that service, are to attend upon those who may be wounded whilst in the discharge of their duties, and a regular compensation is allowed them by law. We are bound to presume the legislature have some object in view in the creation of every office known to our laws, and if to some officers no compensation is allowed, it is upon the assumption the duties required of them would be so light and irregular, that none that would be adequate could be affixed. But when it shall be made known to the legislature that actual and beneficial services have been rendered, we are not at liberty to doubt their disposition to compensate the officers who have performed them.

EASTERN DIS.
*May*, 1841.

HARRAL
*vs.*
VANOHSTEN.

So a Regimental Surgeon cannot make a private charge and be entitled to compensation for dressing the wounds and curing a soldier wounded *on parade*, even when not in active or actual service.

We think surgeons are appointed for some purpose, and we know of none more appropriate than dressing the wounds of those who have received them whilst obeying the orders of their officers on parade. It is sufficiently hard on a citizen to be taken from his ordinary pursuits to attend to militia duty and suffer the pain from wounds received in consequence, without being compelled to pay all the expenses attending his cure. We believe it was the duty of the plaintiff to attend on the defendant and he must look for compensation to those in whose service he was engaged.

We are not to be understood as coinciding with the plaintiff's counsel in the extent to which he thinks the principle established may carry us. We do not think the plaintiff is to be physician of the regiment in ordinary cases as well as surgeon, but in cases like the present, his official name indicates his duties as distinctly as we can state them.

The judgment of the Commercial Court is therefore affirmed with costs.